9501

## SAVANNAH CHEMICAL CO. v. JOHNSON.

### (89 S. E. 810.)

1. BILLS AND NOTES—ACTIONS—BURDEN OF PROOF.—When the payee of notes introduces them in evidence and proves that the money due thereon has not been paid to him, though they be produced from the maker's custody, the maker has the burden of proving that he paid the money, and, if he alleges payment to an agent, of proving an authorized agency.

2. PLEADING—WAIVER OF DEFECTS—MISJOINDER.—Objection to alleged misjoinder of causes *ex contractu* and *ex delicto,* the defect appearing on the face of the complaint, can be made only by demurrer; and, when not raised in that way, it was waived under Code Civ. Proc. 1912, secs. 194, 198.

3. APPEAL AND ERROR—PERFECTION OF RECORD—IRRELEVANT MATTERS.—The Court, during preparation of the case for appeal, may properly order exclusion of irrelevant matter.

Before BOWMAN, J., Barnwell, December, 1914. Reversed.

Action by the Savannah Chemical Company against D. P. Johnson, to which, by Court order, Jas. A. Willis was made a party defendant. Judgment of nonsuit, and plaintiff appeals.

*Messrs. Mayfield & Free,* for appellant, cite: 46 S. C. 46; 50 S. C. 37.   *Right to recover for goods sold:* 52 S. C. 36; 70 S. C. 250.   *Joinder of actions:* Code Civ. Proc., sec. 218; 48 S. C. 79; Pom. Remedial Rights, sec. 463.   *Evidence:* 27 S. C. 171; 32 S. C. 58.

*Messrs. Bates & Simms* and *G. M. Greene,* for J. A. Willis, respondent, submit: *Joinder was improper:* Bliss Code Pleading, sec. 83; 15 Enc. Pl. & Pr. 547, 548, 562; 1 Enc. Pl. & Pr. 194 and 209; 90 Mo. 324; 53 Ga. 112; 96 Cal. 400; 2 N. Dak. 401; 61 How. Pr. 163; 7 How. Pr. 236; 19 N. Y. Supp. 883; 15 S. W. 712; 51 Kan. 39; 18 Ala. 263; Pom.

Code Rem., pp. 286, 300, 304; 78 Mo. 167. *Dismissal proper:* 18 S. C. 606.

Mr. A. H. Ninestein, for D. P. Johnson, respondent.

September 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In 1911, D. P. Johnson gave plaintiff two notes for $540 and $527.50, respectively. On the last of these he made two payments, in December, 1911, aggregating $100. In July, 1912, plaintiff, by James A. Willis, as its attorney, sued Johnson on the notes. The complaint alleged the execution of the notes, the maturity thereof, and that no part thereof had been paid, except the two payments above stated. The complaint was verified by Mr. Willis, as plaintiff's attorney. He stated in the verification that the notes were in his hands for collection. The defendant answered and admitted the execution of the notes, but denied the allegation that no part of the debt evidenced by them had been paid, and alleged that they had been paid in full. The answer was verified by Johnson on August 5, 1911, and he swore that the allegations thereof were true of his own knowledge, except the allegation as to the incorporation of plaintiff. In February, 1913, the case was taken out of the hands of Mr. Willis and turned over to Messrs. Mayfield & Free, who thereafter represented plaintiff, as its attorneys. All the papers in the case were turned over to plaintiff's agent by Mr. Willis, except the notes. He stated to the agent that the notes had been misplaced, and that he would look for them and send them to plaintiff. Some time before the trial, Mr. R. L. Zeigler, plaintiff's traveling representative, went to Johnson and told him that he had heard that he had settled the case and had the notes, and asked him if it was true. He said Johnson replied, "If I have the notes in my

possession, that ought to be evidence of the fact that I have paid them," and then produced the notes and showed them to him.   Notwithstand this happened some time before the case was brought to trial, it seems that nothing was said to Mr. Willis about it, and when the case was brought to trial, on December 9, 1913, he was in Columbia.   The case was tried before Mr. Justice Gage (then a Circuit Judge) and a jury.   The defendant, Johnson, produced the notes in Court, and testified that he had paid the amount due thereon to Mr. Willis.   Thereupon the jury found a verdict for defendant.

Immediately after the trial, plaintiff's representative, Zeigler, telephoned to Mr. Willis in Columbia, and told him what Johnson had testified and the result of the trial.   Willis told Zeigler that Johnson had sworn falsely, and went at once to Barnwell, and put himself in communication with plaintiff's attorneys, and gave them an affidavit, dated December 10, 1913, upon which to move for a new trial. In this affidavit, he stated that at the time defendants' answer was served, and for some time thereafter, the notes were in his possession; that some time after the answer was served defendant came into his office and stated that he was entitled to credit for an additional payment of $50 or $100, that had not been given him; that he got the notes and showed them to defendant, that he might see the credits indorsed thereon; that defendant made no payment to him then or afterwards, and that he does not remember ever having seen the notes afterwards, but did not miss them from his files (having had no occasion thereafter to look for them) until the papers in the case were turned over to plaintiff's representative, in February, 1913; that he then thought they had only been misplaced, and that he would be able to find them, and so told plaintiff's representative; that he afterwards made frequent and diligent but fruitless search for them, but believed · all the while that they were misplaced in his office, and never knew where they were until informed by Zeigler later in the

afternoon of the day before, that Johnson had them and claimed to have paid the amount due on them to him, which he said was absolutely false.

Johnson made an affidavit in reply, in which he admitted that, when his answer was served, and for some time thereafter, the notes were in the possession of Willis. He also admitted that he went to Willis' office and claimed that there should be an additional credit of $100 on the notes, but says this happened before the service of his answer, and that he went there for the purpose of ascertaining the amount due, intending to raise the money and pay the notes, but, not being certain whether he could do so before the time for answering expired, he had his attorney file his answer. He swore, further, that thereafter, some time in August, he paid one of the notes in cash to Willis and took it up, and about 10 days or two weeks later he paid the other in cash and took it up; that the reason he paid the cash was that he had the money in his store and wanted to pay in cash and get possession of the notes, thinking that if he paid by check, Willis might want to keep the notes until the check was paid, and he was anxious to get possession of the notes, so there could be no question as to what the money was paid for.

Upon these affidavits, Judge Gage set aside the verdict and ordered that Willis be made a party defendant. This order was consented to by attorneys for plaintiff and defendant, Johnson. Thereafter an amended complaint was served in which plaintiff sets out three causes of action, the first two being against Johnson on the two notes, as in the original complaint, and the third being against both defendants, wherein they are charged with conspiring together to cheat and defraud the plaintiff out of the amount due on the notes by the delivery thereof by Willis to Johnson and the receiving thereof by Johnson from Willis without paying the amount due thereon to the plaintiff. The defendants answered, Johnson admitting the execution of the notes, and alleged that he paid the amount due thereon to Willis for

plaintiff, but denied the alleged conspiracy. Willis denied the alleged conspiracy, and alleged that the notes were stolen from him or lost by him without fault or negligence on his part.

The issues came on for trial in December, 1914. Plaintiff introduced the notes, which had been produced by Johnson, and proved that nothing had been paid to plaintiff thereon except the two credits indorsed thereon, and introduced in evidence the original complaint and answer and the affidavits of Willis and Johnson hereinbefore referred to, and proved the declarations of both defendants hereinabove stated. The affidavits and declarations were admitted as evidence only against the party making them. Both defendants were in Court. Neither testified or offered any testimony. But at the close of plaintiff's testimony both defendants made separate motions for a nonsuit. The motion of Willis was based on the ground that the first two causes of action were *ex contractu* and against Johnson alone, and that the third cause of action was *ex delicto* and against both defendants, and that these two causes of action could not be joined in the same complaint, and that there was no evidence to sustain the alleged conspiracy which was the gist of the third cause of action. The motion of Johnson was based upon the ground that there was no evidence that plaintiff was the owner of the notes, and no evidence that they had not been paid; but, on the contrary, plaintiff had introduced defendant Johnson's affidavit to the effect that he had paid the notes to its attorney. The Court granted a nonsuit as to both defendants on the ground that there was no evidence of a conspiracy, and on the ground that there was a misjoinder of actions, to wit, an action on contract against Johnson, and an action on tort against both defendants. There was not a particle of evidence tending to prove the alleged conspiracy, and, therefore, no error in nonsuiting plaintiff on the third cause of action for failure of proof thereof. But the Court was clearly in error in nonsuiting plaintiff on the

cause of action on the notes, and in sustaining the motion for nonsuit on the ground of misjoinder.

The undisputed evidence showed that Johnson gave the notes, and that the amount due thereon had not been paid to the plaintiff. Johnson pleaded payment to plaintiff's authorized agent to collect, and the burden was upon him to prove it, since payment is an affirmative defense.

True, when a defendant's defense is conclusively proved by plaintiff's evidence, a nonsuit may be granted; but the evidence introduced by plaintiff in this case was not conclusive. It was susceptible of more than one inference. When plaintiff introduced the notes, even though they were produced by the maker and payer, and proved that the money due thereon had not been paid to it, and the other circumstances narrated, the burden was upon Johnson to prove the allegation of his answer that he had paid the notes to Willis.

The objection as to misjoinder of causes of action came too late. Since it appeared upon the face of the complaint, it could have been raised only by demurrer, and, not having been made in that way, it was waived. Code Civ. Proc., secs. 194, 198, and cases cited in the notes.

The action is peculiar, in that it is now alternative in its nature—not against both defendants on a joint or joint and several liability to plaintiff, but against the one or the other, depending upon whether the money due to plaintiff was paid to Willis or not. But that situation is foreclosed by the order of Judge Gage, which has not been appealed from. If Johnson paid the notes in full to Willis, as he alleges, he is not liable to plaintiff thereon, for it is admitted that Willis was plaintiff's authorized agent to receive payment. And if Willis did receive payment from Johnson, it is equally clear that he alone is liable to plaintiff therefor. The real issue in the case is, therefore, between Johnson and Willis, the burden being upon Johnson to prove that he paid Willis. If he succeeds in proving that fact, then plaintiff should have judgment against Willis; but if he fails to prove

it, then plaintiff should have judgment against him.    In the new trial to be' had, the Court should direct the jury to find for plaintiff, against the one or the other as they may find the fact.

The only other issue to be decided is the plaintiff's appeal from the order settling the case for appeal.    The sixth paragraph of Johnson's affidavit contained matter that was plainly irrelevant to the issue made by the appeal, and, in settling the case, the Court ordered that it be omitted.    The order was clearly right, and the plaintiff's appeal therefrom is dismissed, with costs.

The judgment of nonsuit is reversed, and the case remanded for a new trial.

Mr. Justice Gage did not participate in the consideration of this case.