14961

CHARLES v. TEXAS CO. *ET AL.*

(5 S. E. (2d), 464)

December, 1938.

84

92

*Messrs. Tompkins & Tompkins* and *Barron, Barron & Walker,* for appellant,

*Messrs. Bryan & Mozingo* and *Hughes & White,* for respondent,

November 6, 1939.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

J. Hoyle Charles brought his action sounding in tort for an alleged conspiracy against the Texas Company, a corporation, H. G. Ezelle, one of its agents, and G. B. Lynch, the alleged partner or former partner of the plaintiff, Charles. The complaint is voluminous and alleges numbers of incidents which are claimed to be related to the conspiracy or of probative value in the proving of the conspiracy.

After the service of the summons and complaint the attorneys for the defendants gave notice of a motion to make more definite and certain and also a motion to strike certain allegations from the complaint on various grounds. This motion was heard before the presiding Judge who refused to require the plaintiff to make his complaint more definite and certain and also refused to strike from the complaint the allegations complained of. From this order of the presiding Judge timely appeal was taken. There are six exceptions which will be taken up in order.

Exception I complains of error in refusing to strike from the complaint in Paragraph 7 thereof certain words alleging that the plaintiff signed a dissolution agreement drafted by the attorneys for his alleged co-partner, Lynch. This allegation follows a prior allegation in Paragraph 7 that Lynch made certain false representations to the plaintiff, made certain threats against the plaintiff and that as a result of these things the plaintiff was forced to surrender his rights in the partnership and sign the dissolution agreement. The defendants take the position that as the act done was a legal act that the method and manner of accomplishing it is immaterial and that, therefore, the act alleged could not be considered as a part of the alleged conspiracy. There is no question that when one has a right to do a certain thing that a threat to do this legal act cannot constitute duress, but in this case the allegations of the complaint are that various factors enter into the dissolution of the partnership, which was a part of the conspiracy to injure and damage the plaintiff and plaintiff has a right to prove all of the relevant matters in connection with the cause of action alleged.

The second exception complains of error in the refusal of the presiding Judge to require the plaintiff to set out the names of the customers: (1) of the Whiteway Service Station who became dissatisfied with the station as a result of the acts of the defendants; (2) by setting forth the names of the customers of Lee Kendrick, who became dissatisfied by reason of the alleged acts of the defendants; (3) by setting forth the names of the operators of the service stations upon whom the defendants, Ezelle and Lynch, called on certain dates. It will be seen that this exception embraces three distinct matters which should properly be set out in separate exceptions for it might be that the Court would require the names in the one instance to be furnished and in the other instance not to be furnished. As to the questions covered by Subsections 1 and 2 hereof, it would be

impossible for the plaintiff, in all probability, to give the names of all of the customers who were dissatisfied if the dissatisfaction was as general as alleged. This would be evidentiary matter and it would not be proper to require the plaintiff to set forth these names in detail. As to Subsection 3, the names of the persons who were visited by Ezelle and Lynch are as well known to them, the defendants, as to the plaintiff and, therefore, there could be no reason for requiring the plaintiff to name these people under the circumstances.

Exception III complains of error in the failure of the Circuit Judge to require the plaintiff to strike out of his complaint the allegation that Ezelle and Lynch approached all of the service stations formerly supplied with products by the partnership and offered to sell kerosene and motor oils at prices substantially below the regular prices prevailing. The defendants may have had a right to sell to anyone their products at such prices as they saw fit, but if this was done in furtherance of a conspiracy to injure and damage the plaintiff the allegation would be pertinent and relevant on that issue.

Exception IV alleges error on the failure to strike out the allegations of Paragraph 13 which allege that the defendant Ezelle, one of the conspirators, made threats in an effort to intimidate and coerce the plaintiff and force him out of business. This allegation is certainly relevant if proven on the question of the alleged attempt of the defendants to conspire to injure and damage the plaintiff in his business.

Exception V alleges error on the failure of the Circuit Judge to require the plaintiff to make his complaint more definite and certain by alleging with whom the plaintiff had entered into contracts of lease and sale on the ground that said information was necessary for a proper defense of the action. The plaintiff cannot be required to give in detail all of his evidentiary matter in the

pleadings and it was proper for the Circuit Judge to refuse to compel him to give these names.

Exception VI complains of error in that the presiding Judge refused to strike from the complaint the allegations of Paragraphs 14 and 15. These allegations constitute the heart of the complaint and if they are stricken the plaintiff is left with a mere shell of his cause of action. Even an act that is lawful can be done in an unlawful fashion and a definition of conspiracy has been given as the conspiring together to do an unlawful act to the detriment of another or the doing of a lawful act in an unlawful way to the detriment of another. These allegations, if proven, may be relevant and pertinent to the cause of action alleged in the complaint.

All of the matters referred to in the motion to strike and the motion to make more definite and certain will come under the purview of the Judge trying the case and he at that time can determine the competency and the relevancy of the evidence and whether the legal and probative effect of the same is sufficient to submit the cause to the jury, but those matters can be better disposed of at the trial of the case.

It is ordered that all exceptions be overruled and the judgment of the lower Court be affirmed.

NOTE: Let the complaint and the original grounds of motion be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.