16687

LAKEWOOD WATER CO. v. GARDEN WATER CO. *ET AL.*
(73 S. E. (2d) 720)

*Mr. Chas. F. Cooper,* of Columbia, *for Defendants-Appellants,*

*Messrs. Edens & Woodward,* of Columbia, *for Plaintiff-Respondent,*

Dec. 1, 1952.

STUKES, Justice.

This appeal is from order overruling demurrer to the complaint. The order held generally that the complaint charges the defendants with an unlawful conspiracy, to the

damage of plaintiff, and that disposition on demurrer would be improper and that there should be, quoting, "a full hearing on the merits." There are administrative provisions relating to the injunction *pendente lite* which will be stated in the disposition of one of the grounds of appeal.

The complaint contains the allegations, among others, that plaintiff is, in effect, a public utility which furnishes water to between thirty and forty families who reside in an unincorporated area known as the Lakewood section in Richland County, and obtains its supply from the defendant, Garden Water Company, a corporation which is engaged in the business of distributing water in the county, and that the South Carolina Public Service Commission on July 16, 1951, ordered the sale and delivery of water by the named defendant to the plaintiff and fixed the prices at which plaintiff would purchase and at which it would resell to its customers. The Garden Company was an enterprise of one Simon Faust, now deceased, and it purchased water from the City of Columbia. It mortgaged its properities to the Building and Loan Association defendant and in prior litigation the Garden Company and the defendant Greater Columbia Water District, Sub-district F, were enjoined from cutting off plaintiff's water supply. The defendant Town of Forest Lake was pretensively incorporated of small area and less than one hundred inhabitants, without election, which defendant, by mesne conveyances, acquired title to certain water lines and issued so-called "revenue bonds" which the Building and Loan Association purchased, which issue (and purchase) was unauthorized by law and was but a scheme and artifice. The lines of Garden Water Company are miles away from the area of the Town of Forest Lake. Nevertheless plaintiff has received from the purported Water Works Department of the Town a letter wherein it demands of plaintiff that it pay certain increased water rates and require the residents of its area to pay tappage fees of $100.00, in default of which service to plaintiff will be discontinued, the result of all of which would be confiscation of plaintiff's

property. The prayer of the complaint is for temporary and permanent injunction and other relief.

Injunction was obtained on *ex parte* application of plaintiff and without the requirement of bond, which is the subject of appeal; but the later order of the court, which is under appeal, requires bond of plaintiff in the sum of $3,000.00, with express leave to defendants to move to have it increased. There is now, therefore, no valid question with reference to requirement of bond or its amount. *Epps v. Bryant,* 218 S. C. 359, 62 S. E. (2d) 832.

There was a motion by defendants to strike certain allegations of the complaint as irrelevant, sham and frivolous. There was no timely perfection of appeal from the order overruling the motion to strike the allegations, which were held to be relevant in view of the other allegations of conspiracy. It was said in this unappealed order, now therefore the law of the case, as follows:

"After hearing the argument of counsel for defendants and for plaintiff, I am of the opinion that in the main plaintiff's cause of action, as alleged, is that of conspiracy between all of the named defendants to deprive the plaintiff of any benefits from its certain water system installed at considerable expense to it, and in effect to take its property without due process. I therefore conclude that the paragraphs of the complaint which defendants seek to have striken are necessary to a full understanding of plaintiff's cause of action as alleged."

The two decisions of *Charles v. Texas Company,* 192 S. C. 82, 5 S. E. (2d) 464, and *Id.,* 199 S. C. 156, 18 S. E. (2d) 719, rather fully enunciate the principles which govern civil actions for conspiracy and they need not be repeated here. They apply to the facts alleged in the complaint in this action, especially when subjected to the liberal construction to which it is entitled when tested by demurrer. The facts alleged and the legitimate inferences therefrom are considered favorably to the pleader, here the plaintiff.

Appellants urge two principles of law: First, that the validity of the incorporation of a municipality is not subject to collateral attack, *De Treville v. Groover,* 219 S. C. 313, 65 S. E. (2d) 232; and, second, that a nonresident cannot ordinarily require the sale of water to him or it by a municipality, *Childs v. City of Columbia,* 87 S. C. 566, 70 S. E. 296, 34 L. R. A., N. S., 542.

We need not in this decision upon demurrer to the complaint decide whether the incorporation of the town is subject, itself, to plaintiff's attack because success of the latter is not essential to plaintiff's cause of action as alleged and the issue is reserved, if later made by subsequent pleadings on the part of the defendants and the decision of it becomes necessary.

Likewise the second above-stated rule, relied upon by appellants, that a nonresident of a municipality cannot require the sale and delivery of water by the latter, is inapplicable, at least at this stage of the instant controversy. The facts alleged in the complaint are too involved to permit the rule to be dispositive on demurrer of the claims of plaintiff. This is without prejudice to appellants to re-assert it as they may be advised.

This extraordinary deferment of decision of legal issues, despite demurrer, flows from the nature of an actionable conspiracy which may result from an unlawful combination of otherwise legal acts; and it is elementary that demurrer will not be sustained to a complaint which contains any allegations which, if proven, would entitle plaintiff to any form of relief. 15 South Carolina Digest, Pleading, § 204, 205, page 261.

The appellants have leave to answer the complaint within twenty days after the filing of the remittitur hereof in the Court of Common Pleas.

Affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR, and OXNER, JJ., concur.