Lawrence SAMS, Plaintiff,

v.

BROTHERHOOD OF RAILWAY & STEAMSHIP CLERKS, SUMTER LODGE NO. 6193, R. S. Hughes, General Chairman, B. of R. C., S. E. Futrell, Vice-Chairman, B. of R. C., R. W. McIntosh, Secretary and Treasurer of B. of R. C., and Railway Express Agency, Inc., Defendants.

Civ. A. No. 5075.

United States District Court
E. D. South Carolina,
Florence Division.
Jan. 10, 1956.

**50**

Willcox, Hardee, Houck & Palmer, A. L. Hardee, Florence, S. C., Alston, Sibley, Miller, Spann and Shackelford, James E. Thomas, Atlanta, Ga., of counsel, for defendant Railway Express Agency, Inc.

Mulholland, Robie & Hickey, Washington, D. C., Edward J. Hickey, Jr. and James L. Highsaw, Jr., Washington, D. C., and John W. Crews, Columbia, S. C., of counsel, for defendants Brotherhood of Railway and Steamship Clerks, Sumter Lodge No. 6193, R. S. Hughes, General Chairman, B. of R. C., S. E. Futrell, Vice-Chairman, B. of R. C., R. W. McIntosh, Secretary and Treasurer of B. of R. C.

WILLIAMS, District Judge.

■ This action was commenced upon a complaint filed on July 16, 1955, and summons issued on said date, and is for the recovery of $50,000 damages alleged to have been sustained by the plaintiff as the result of alleged wrongful termination of plaintiff's employment by Railway Express Agency, Inc., hereinafter referred to as Express Agency, without just cause at the instance of defendant, Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees, hereinafter referred to as the Brotherhood. It is alleged that these defendants conspired to force the plaintiff to join the Brotherhood and further conspired to use the threat of the loss of his job to make the plaintiff continue his membership in the Brotherhood and to collect the dues of plaintiff to the Brotherhood, and caused the termination of his employment by the Express Agency after 25 years of service, with loss of retirement and seniority benefits. Certain officers of the Brotherhood and of Sumter Lodge No. 6193 of that organization are joined as parties defendant because of their alleged acts as officers and members of said Brotherhood and of the local lodge thereof with respect to the termination of plaintiff's employment.

Express agency filed a motion to strike certain allegations from the complaint as irrelevant and filed an answer challeng-

T. Kenneth Summerford, John D. Whisenhunt, Florence S. C., for plaintiff.

ing the right of the plaintiff to maintain this action and of the jurisdiction of the court by reason of his failure to comply with the provisions of agreements between it and the Brotherhood made pursuant to provisions of Section 2, Eleventh (45 U.S.C.A. § 152, Eleventh) of the Railway Labor Act, as amended January 10, 1951. It also filed motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and for an order dismissing the action on the ground that there is no issue of material fact, it appearing from the records and documents filed in support of said motion that plaintiff's employment was lawfully terminated pursuant to the contract between the Express Agency and the Brotherhood dated March 31, 1952, which required, as a condition of plaintiff's continued employment with Express Agency, that he maintain membership in the Brotherhood in good standing by payment of periodic dues. These motions were supported by affidavits and by memorandum of points and authorities.

There were also filed with the Court on behalf of certain of the individual defendants motions to quash service on them based on the ground that service was made outside of the territorial limits of the State of South Carolina, contrary to the requirements of Rule 4(f) of the Federal Rules of Civil Procedure. In addition, the Brotherhood, Sumter Lodge No. 6193, and the individual defendants who are officers of the Brotherhood or the local lodge filed with the Court a motion to dismiss the complaint, under Rule 12 of the Federal Rules of Civil Procedure, or, in the alternative, to grant them summary judgment under Rule 56 (b) of said Rules. This motion was based on the grounds that (1) the complaint fails to state a claim against the defendants on which relief can be granted, and (2) the plaintiff has failed to exhaust the remedies for relief provided to him by the laws of the Brotherhood and by the agreement between the Brotherhood and the Express Agency under which plaintiff's employment with Express Agency was terminated. This motion was supported by affidavits setting forth the pertinent facts relating to the termination of plaintiff's employment, which will be hereinafter commented upon, and by memorandum of points and authorities.

The factual matters set forth in the affidavits filed on behalf of the defendants and the validity of the documents and agreements involved are not controverted by the plaintiff. Plaintiff did file an affidavit of Duncan E. McLaughlin in support of his opposition to the grant of defendants' motions, but the statements in said affidavit are clearly hearsay and, as hereinafter set forth, are immaterial.

All of the matters referred to above came on for hearing before me at Florence, South Carolina, and counsel for all parties were heard thereon and memoranda and briefs filed have been duly considered. It is unnecessary to consider any of the motions except the motions for summary judgment and for dismissal as the decision thereon will render the other motions moot.

The Brotherhood is the duly designated representative under the Railway Labor Act, as amended (45 U.S.C.A. § 152) for purposes of collective bargaining of the employees of Express Agency belonging to the craft or class of freight handlers in which group plaintiff was included. As such collective bargaining agent the Brotherhood entered into an agreement, effective September 1, 1949, with Express Agency governing hours of service and working conditions of such employees, including the plaintiff.

Effective January 10, 1951, the Railway Labor Act was amended to provide in Section 2, Eleventh thereof (45 U.S.C.A. § 152, Eleventh), in substance that railway labor organizations, such as the Brotherhood, could enter into agreements with carriers subject to the Railway Labor Act, of which Express Agency is one, requiring employees of such carriers, as a condition of their continued employment by the carrier, to become members of the labor organizations, and

thereafter maintain such membership in good standing by the payment of periodic dues, initiation fees and assessments uniformly required of such members. The pertinent portions of this statutory provision read as follows:

"Eleventh. (45 U.S.C.A. § 152 as added by Act of January 10, 1951, 64 Stat. 1238) Notwithstanding any other provisions of this Act, or of any other statute or law of the United States, or Territory thereof, or of any State, any carrier or carriers as defined in this Act and a labor organization or labor organizations duly designated and authorized to represent employees in accordance with the requirements of this Act shall be permitted—

"(a) to make agreements, requiring, as a condition of continued employment, that within sixty days following the beginning of such employment, or the effective date of such agreements, whichever is the later, all employees shall become members of the labor organization representing their craft or class: *Provided,* That no such agreement shall require such condition of employment with respect to employees to whom membership is not available upon the same terms and conditions as are generally applicable to any other member or with respect to employees to whom membership was denied or terminated for any reason other than the failure of the employee to tender the periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership.

"(b) to make agreements providing for the deduction by such carrier or carriers from the wages of its or their employees in a craft or class and payment to the labor organization representing the craft or class of such employees, of any periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership: *Provided,* That no such agreement shall be effective with respect to any individual employee until he shall have furnished the employer with a written assignment to the labor organization of such membership dues, initiation fees, and assessments, which shall be revocable in writing after the expiration of one year or upon the termination date of the applicable collective agreement, whichever occurs sooner."

Pursuant to this statutory authorization, the Brotherhood and Express Agency, on March 31, 1952, entered into and executed an agreement, effective April 1, 1952, which required the employees of the Express Agency, represented by the Brotherhood for purposes of collective bargaining, as a condition of continued employment, to become members of the organization within 60 calendar days, and thereafter maintain their membership in good standing by payment of the periodic dues uniformly required of all members. This contract is known as a union shop agreement. Pursuant to the requirements of such agreement, plaintiff on June 22, 1952, became a member of Sumter Lodge No. 6193 of the Brotherhood located in Florence, South Carolina.

Article 8, Section 1, of the statutes governing the local lodges of the Brotherhood, including Sumter Lodge No. 6193, contains the following requirements with respect to the payment of monthly dues to the organization:

"Dues are due and payable on the first day of each month. When a member is in arrears two (2) months in the payment of dues, assessments or other indebtedness, he shall be notified in writing by the Secretary. Unless the amount due is paid on or before the Secretary prepares the quarterly Grand Lodge per capita tax report covering the months for which the member is in arrears, he shall be suspended. By adoption of By-Laws or Resolution, a Lodge may

provide for suspension of those in arrears for one (1) month."

The monthly dues of Sumter Lodge No. 6193 which plaintiff was required to pay pursuant to his membership therein, and subject to the provision quoted above, amounted to $2.50 per month. Plaintiff became delinquent in the payment of these dues for the months of September and October, 1952. The Secretary-Treasurer of Sumter Lodge No. 6193 advised the plaintiff of this delinquency both orally and in writing by letter dated November 4, 1952. This delinquency was not cured prior to November 21, 1952, on which date the Secretary-Treasurer of the Lodge notified plaintiff in writing that he was suspended from membership in the Lodge, effective that date, for nonpayment of dues.

Thereafter, by notice dated December 2, 1952, the Brotherhood, in accordance with the provisions of the agreement of March 31, 1952, advised Express Agency of the failure of the plaintiff to comply with the requirements of the agreement that he maintain his membership in the Brotherhood in good standing by the payment of the periodic dues uniformly required by the Brotherhood laws, and requested the Express Agency to take action as provided for in said agreement.

Under date of December 10, 1952, L. M. Bellamy, Acting Agent of Express Agency in Florence, South Carolina, advised the plaintiff that the Brotherhood had notified the Agency of plaintiff's failure to comply with the terms of the agreement of March 31, 1952. This letter to plaintiff advised him that under the terms of said agreement such charge, if true, would result in the termination of plaintiff's employment with the Agency. Plaintiff was further advised that if he disputed the fact of his failure to comply with the terms of the agreement, and wished to continue his employment with Express Agency, he must request a hearing within ten days of the date of the notice.

By letter dated December 15, 1952, plaintiff acknowledged the receipt of this notice, and requested hearing. Such hearing was duly held before L. M. Bellamy, Acting Agent of Express Agency in Florence, in his office on December 30, 1952. At this hearing plaintiff was represented by T. C. Bailey, Transfer Agent, and Leon Johnson, Express Handler, individuals of his own choosing. The plaintiff testified at this hearing that he had failed to pay his dues for the months of September, October, November and December, 1952. He further testified that he had been asked to pay the dues by officers of the Brotherhood and had promised to pay, but had not done so. He also testified that he was aware that, under the agreement of March 31, 1952, all employees of Express Agency were required to belong to an organization and that payment of dues was necessary for membership therein.

On the basis of the facts as thus disclosed at the hearing, Mr. Bellamy, by letter dated December 31, 1952, advised plaintiff that he had failed to comply with the terms of the agreement of March 31, 1952, and his services with the Express Agency were terminated.

The provisions of the agreement under which plaintiff's employment with the Express Agency were thus terminated permitted plaintiff to appeal from such termination to higher officers of the company, and if a decision on such appeal were adverse, to have the issue decided by a neutral person chosen in accordance with the terms of the agreement. Plaintiff did not avail himself of these appeal procedures. Nor did he make any effort to appeal his suspension from membership within the Brotherhood or seek reinstatement of membership in the Brotherhood under Article 9, Section 1 of the organization's governing statutes.

██ Plaintiff contends that his suit is not one for breach of contract of employment but rather is a suit for tort based upon the alleged unlawful termination of his employment by Express Agency and an alleged conspiracy between the Brotherhood and its officers and Express Agency to bring about such termination. It is well established that in the absence of a contractual or statutory limitation

an employer in South Carolina may terminate an employment at his pleasure and without cause and that such termination will not give rise to a cause of action by the employee. Johnson v. American Railway Express Co., 1931, 163 S.C. 191, 161 S.E. 473; Marshall v. Charleston & W. C. R. Co., 1931, 164 S.C. 283, 162 S.E. 348. Nor is plaintiff helped by alleging that the termination was the result of a conspiracy between the Brotherhood and Express Agency since it is well settled in South Carolina that a conspiracy is the conspiring together of persons to do an unlawful act to the detriment of another or the doing of a lawful act in an unlawful way to the detriment of another. Charles v. Texas Company, 1939, 192 S.C. 82, 5 S.E.2d 464. This is the rule followed generally by all courts. Lambert v. Georgia Power Company, 1936, 181 Ga. 624, 183 S.E. 814. Plaintiff has not alleged nor shown any statutory limitation upon Express Agency's freedom to terminate his employment at will. Consequently, whether plaintiff labels his cause of action one for breach of contract or one in tort, it is clearly necessary for him to show that the termination was in violation of his contract of employment with Express Agency. Since defendants take the position that the termination was proper under the union shop agreement of March 31, 1952 between the Brotherhood and Express Agency, which defendants say governs plaintiff's continued employment with Express Agency, it is incumbent upon plaintiff to show (1) that he was not subject to such agreement, or (2) that the termination was not in accordance with the provisions of that agreement, or (3) that the agreement was not valid under applicable law. On the basis of the uncontroverted facts as set forth above, it is my opinion that plaintiff has failed to discharge this burden.

Plaintiff contends that the agreement of March 31, 1952, requiring employees of Express Agency represented by the Brotherhood as a condition of their continued employment with the company to become members of the Brotherhood was not applicable to him upon the ground that paragraph one of said agreement applies only to individuals covered by the collective bargaining agreement of September 1, 1949, and that only members of the Brotherhood prior to April 1, 1952 were so covered. It is clear that this argument is without merit. The paragraph to which plaintiff refers reads as follows:

"In accordance with and subject to the terms and conditions hereinafter set forth, all employees of the Agency now or hereafter subject to the rules and working conditions agreements between the parties hereto shall, as a condition of their continued employment subject to such agreements, become members of the respective organization party to this agreement representing them within sixty calendar days of the date they first perform compensated service as such employees after the effective date of this agreement, and thereafter shall maintain membership in good standing in such organization; except that such membership shall not be required of any individual until he has performed such compensated service on thirty days within a period of twelve consecutive calendar months. Nothing in this agreement shall alter, enlarge or otherwise change the coverage of the present or future rules and working conditions agreements."

The first sentence states in substance that all employees of Express Agency shall become members of the Brotherhood who either now or hereafter are subject to the agreements between the Brotherhood and Express Agency, covering the rules and working conditions of employees of that company. This means all employees of Express Agency in the crafts or classes represented by the Brotherhood as collective bargaining agent since under the provisions of the Railway Labor Act the Brotherhood is the duly designated collective bargaining agent for all such employees, members and non-members of the Brother-

hood, and the agreement of September 1, 1949 governed the rules and working conditions of all such employees, regardless of membership in the Brotherhood, including plaintiff who belonged to the class of employees known as freight handlers and was represented by the Brotherhood though not then a member thereof. Furthermore, it is apparent that plaintiff's interpretation is completely inconsistent with the intent of the provisions of Section 2, Eleventh of the Railway Labor Act, authorizing union shop agreements between the Brotherhood and Express Agency. If the agreement of March 31, 1952, meant what plaintiff now says, it would have little significance, if any, since it would not have required any employee of Express Agency not already a member of the Brotherhood to join the organization and maintain membership therein. Obviously neither Congress, the Brotherhood, nor Express Agency intended such result, and the agreement cannot be reasonably so construed. In this connection it should be noted that the plaintiff did in fact become a member of the Brotherhood, and the record of the hearing held by Express Agency reveals that he testified that under such agreement he was aware that all employees of the Agency were required to belong to a labor organization.

It is alleged in the complaint that plaintiff tendered his dues to agents and officials of the Brotherhood, and they refused to accept same, referring him to Mr. Hughes who was in Richmond, Virginia. Plaintiff has also filed the affidavit of one Duncan E. McLaughlin as to transactions between him and McLaughlin relating to a loan or loans allegedly made or to be made to plaintiff for the purpose of paying such dues. However, the record conclusively shows that plaintiff did not tender or pay the dues within the time required by the rules of the Brotherhood, and in fact there is no showing of a legal tender of the dues at any time to the Brotherhood.

Plaintiff has made other contentions which are without merit. One of these is to the effect that the agreement does not strictly comply with the terms of the statute. Another is that plaintiff was not required to become a member of the Brotherhood for a period of 83 days after the effective date of the agreement and that the statute requires that he should become a member within 60 days. Finally, there is a contention that the hearing before Express Agency was held more than ten days after the request therefor, contrary to the provisions of the agreement of March 31, 1952. A review of the agreement shows that it is in accord with the authorization of the statute. The fact that the Brotherhood permitted plaintiff to stay outside of the organization beyond the 60 days provided in the agreement for him to become a member is clearly no violation of the statute but simply an act of grace on the part of the Brotherhood. The plaintiff cannot now complain that the hearing was not held within a ten day period after his request therefor since he attended the hearing, was represented there by individuals of his choice, and made no objection to same. Nor does it appear that the day or so involved in any way prejudiced the rights or position of the plaintiff. There are also some suggestions in the contentions of plaintiff of bad faith on the part of the Brotherhood or its officers, but I find that these are not supported by the record before me.

### Conclusions

Upon the basis of the foregoing facts and of the law applicable thereto, I conclude as follows:

(1) The Brotherhood is the duly authorized collective bargaining representative under the Railway Labor Act for the employees of Express Agency belonging to the craft or class of freight handlers, of which plaintiff was one.

(2) As such collective bargaining representative the Brotherhood entered into an agreement effective September 1, 1949, covering hours of service and working conditions of the company's employees represented by the Brotherhood, including the plaintiff.

(3) Effective January 10, 1951, the Brotherhood was authorized by Section 2, Eleventh, of the Railway Labor Act to enter into an agreement with Express Agency which would require all employees of Express Agency represented by the Brotherhood to become members of the Brotherhood and retain such membership in good standing by the payment of the periodic dues, initiation fees and assessments uniformly required of all members.

(4) On March 31, 1952, the Brotherhood and Express Agency negotiated an agreement thus authorized by the Railway Labor Act which required plaintiff to become a member of the Brotherhood and maintain such membership in good standing by the payment of the dues and fees enumerated above. Pursuant to the requirements of this agreement, plaintiff became a member of Sumter Lodge No. 6193 of the Brotherhood, located in Florence, South Carolina.

(5) Article 8, Section 1 of the "Statutes for the Government of Lodges and Protective Laws" of the Brotherhood provides that dues are payable on the first day of each month and that when a member is in arrears in payment of dues for a period of two months he shall be notified in writing of his delinquency by the Secretary of his local lodge. This rule of the Brotherhood also provides that unless the amount due is paid on or before the Secretary prepares the quarterly Grand Lodge per capita tax report covering the months for which the member is in arrears he shall be suspended.

(6) Plaintiff as a member of Sumter Lodge No. 6193 of the Brotherhood was subject to the above cited requirements of Article 8, Section 1 of the Brotherhood's statutes for the payment of his monthly dues to the lodge. Plaintiff became delinquent in the payment of such dues for the months of September and October 1952 and was suspended by the Secretary-Treasurer of the local lodge of the Brotherhood effective November 21, 1952 for such delinquency. This suspension was valid and in accordance with the requirements of the Brotherhood statutes.

(7) At the request of the Brotherhood, Express Agency terminated plaintiff's employment effective December 31, 1952, for his failure to maintain membership in good standing in the Brotherhood by the payment of monthly dues as required by the agreement of March 31, 1952, between the Brotherhood and Express Agency after according plaintiff a hearing on his compliance with that agreement. This termination was lawful and in accordance with the requirements of the agreement of March 31, 1952, to which plaintiff's continued employment by Express Agency was subject.

(8) Defendants have clearly established without contravention of any material fact by plaintiff that the termination of plaintiff's employment by Express Agency at the request of the Brotherhood was in accordance with a lawful contract of employment between the Brotherhood and Express Agency which covered plaintiff's continued employment by Express Agency. Defendants are therefore entitled to judgment on their motions.

Wherefore, the motions of the defendants for summary judgment in the subject case be and they are hereby granted.