CHIEF JUSTICE PLEICONES:
I respectfully dissent and would affirm the decision of the Court of Appeals which remanded all causes of action for a new trial.
A. Civil Conspiracy
I would take this opportunity to clarify the law of civil conspiracy. The definition of civil conspiracy is “the conspiring together to do an unlawful act to the detriment of another or the doing of a lawful act in an unlawful way to the detriment of another.”[4] Charles v. Texas Co., 192 S.C. 82, 5 S.E.2d 464 (1939). A civil conspiracy is not actionable unless overt acts proximately damage the plaintiff. Todd v. S.C. Farm Bureau Mut. Ins. Co., 276 S.C. 284, 278 S.E.2d 607 (1981) appeal after remand 283 S.C. 155, 321 S.E.2d 602 (Ct. App. 1984) quashed in part on other grounds 287 S.C. 190, 336 S.E.2d 472 (1986). In Todd, the Court created a new rule of pleading for civil conspiracy claims, holding that the plaintiff in a civil conspiracy action must allege damages different from those alleged in any other of her tort causes of action. In creating this new rule of pleading, the Todd Court cited 15A C.J.S Conspiracy *37 § 33. From this holding in Todd evolved the requirement that the civil conspiracy plaintiff must both plead and prove “special damages” in order to recover. We granted respondent’s motion to argue against the “special damages” rule derived from Todd. After review, I agree with respondent that the Todd Court misread and misapplied § 33, which merely states a prohibition on double recovery, not a rule of pleading or proof:
Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong.
15A C.J.S. Conspiracy § 33.
I would overrule Todd and its progeny to the extent they create a “special damages” pleading and/or proof requirement for a civil conspiracy cause of action.
Turning to the facts of this case, the majority holds that the petitioners’ JNOY motion on the civil conspiracy verdict should have been granted, at least in part, because of an alleged Todd flaw in respondent’s pleading.[5] A directed verdict and a JNOV are directed at the evidence, not the pleadings. In any case, as there is evidence in this record of damages resulting from the conspiracy, I agree with the Court of Appeals that a retrial on this cause of action is appropriate.[6]
B. Contract
I also disagree with the majority’s disposition of the breach of contract and breach of contract accompanied by a fraudulent act causes of action against petitioner Scully. The majority finds Scully was entitled to a JNOV on the contract claims because “no material terms [were] provided or alleged,” again indicating some confusion between evidence sufficient to withstand a directed verdict/JNOV motion and the sufficiency of *38 pleadings. In ruling on petitioner Scully’s JNOV motion, the trial court held there was evidence of an oral contract, and that to the extent petitioner Scully sought to argue in his JNOV that the terms of that oral contract were too vague, his argument was foreclosed by his failure to raise the vagueness issue at the directed verdict stage. See, e.g., State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms. Inc,, 414 S.C. 33, 777 S.E.2d 176 (2016) (only grounds raised in directed verdict motion may be raised in JNOV motion). Petitioner Scully failed to challenge this procedural ruling, and despite the majority’s decision to combine the issues of the existence of a contract and the evidence of its terms on certiorari, in my opinion, the Court of Appeals properly refused to address the unpreserved “terms” argument on appeal. Janssen, supra. In any case, the denial of the directed verdict motion on the existence of an oral contract and/or a contract by conduct is supported by the testimony of both Ms. McCarthy and petitioner Scully, and the majority errs in holding that there was no evidence of a contract sufficient to support the jury’s finding that Scully violated the implied covenant of good faith and fair dealing. I would uphold the Court of Appeals’ decision affirming the denial of petitioner Scully’s JNOV motions on both contract claims, which should be retried on remand.
For the reasons given above, I would overrule Todd and affirm the Court of Appeals.

. This definition derives from Lord Dehman’s statement in King v. Jones, 110 Eng. Rep. 485, 487 (K.B. 1832).

. Even if the Court were to preserve the Todd rule, the sole claim asserted against petitioner Corbin was civil conspiracy, and thus as to him the “special damages” rule created by Todd does not apply.