### 21074

William Charles ROSS, Appellant, v. The LIFE INSURANCE COMPANY OF VIRGINIA, M. T. Walker and Barry Allen, of whom The Life Insurance Company of Virginia is Respondent.

(259 S. E. (2d) 814)

*James D. Jefferies,* Greenwood, *for Appellant.*

*James E. McDonald,* Greenwood, *for Respondent.*

November 5, 1979.

Ness, Justice:

This appeal is from an order sustaining respondent Life Insurance Company of Virginia's demurrer to appellant Ross' complaint for wrongful termination of employment. We affirm.

Appellant alleged respondent conspired with others to terminate his employment with Life Insurance Company of Virginia and tortiously interfered with their contractual relations. Respondent demurred on the ground the complaint failed to state a cause of action. We conclude the demurrer was properly sustained.

Appellant concedes his employment contract was terminable at the will of either party. South Carolina has embraced the general rule that such an employment contract may be terminated at any time for any reason or for no reason at all. *Gainey v. Coker's Pedigreed Seed Company,* 227 S. C. 200, 87 S. E. (3d) 486 (1955); Annot., 62 A. L. R. (3d) 271 (1975). Therefore, appellant's allegations of conspiracy fail to state a cause of action. *Sams v. Brotherhood of Ry. & Steamship Clerks, Sumter Lodge No. 6193,* 166 F. Supp. 49 (E.D.S.C.), aff'd 233 F. (2d) 263 (4th Cir. 1956); *Kirby v. Gulf Oil Corporation, et al.,* 230 S. C. 11, 94 S. E. (2d) 21 (1956); *But see, Anderson v. Southern Ry. Co., et al.,* 224 S. C. 65, 77 S. E. (2d) 350 (1953).

Moreover, the South Carolina cases recognizing a cause of action for tortious interference with a contract have been limited to situations where an action was brought against third persons rather than parties to the contract. See, *e.g., Smith v. Citizens & Southern National Bank of S. C.,* 241 S. C. 285, 128 S. E. (2d) 112 (1962); *Keels v. Powell,* 207 S. C. 97, 34 S. E. (2d) 482 (1945). We decline to extend the doctrine in this case. *Ryan v. Brooklyn Eye and Ear Hospital, et al.,* 46 A. D. (2d) 87, 360 N. Y. S. (2d) 912 (1974); Prosser, The Law of Torts, 934 (4th Ed. 1971).

Accordingly, we affirm.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.