21139

PRESTON H. HASKELL COMPANY, and Construction Southeast, Inc., Respondents, v. William MORGAN; Bonnor Roofing and Sheet Metal Company; Ocean Ventures; Seascape Owners Association, Inc.; and Seascape-at-Hilton Head Horizontal Property Regimes, of whom William Morgan and Ocean Ventures are Appellants.

(262 S. E. (2d) 737)

262

*· Claude M. Scarborough, Jr.,* and *Stephen G. Morrison,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant Ocean Ventures.*

*Glenn Bowers* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant Morgan.*

*James H. Moss* of *Moss, Carter, Branton & Bailey,* Beaufort, and *Larry S. McReynolds,* Atlanta, Ga., *for respondents.*

February 4, 1980.

*Per Curiam:*

· In this action the plaintiffs-respondents seek a declaratory judgment for the purpose of settling disputes alleged to exist or potentially exist between the plaintiffs and the defendants.

William Morgan and Ocean Ventures, two of the defendants, filed separate demurrers, alleging that there was not a justiciable controversy between all of the parties. Both demurriers were overruled by the circuit judge. Morgan and Ocean Ventures have appealed.

"In determining whether a cause of action is stated, we are required to construe the complaint liberally in favor of the pleader. *Turner v. ABC Jalousie Co. of N. C.,* 251 S. C. 92, 160 S. E. (2d) 528 (1968). In passing upon a demurrer, the Court is limited to consideration of the pleading under attack, and all of the factual allegations thereof that are properly pleaded are deemed admitted. *Crowley v. Bob Jones University,* 268 S. C. 492, 234 S. E. (2d) 879 (1977)." *Layne v. International Brotherhood of Electrical Workers,* 271 S. C. 346, 247 S. E. (2d) 346 (1978).

It is apparent from a review of the record, which included argument of counsel before the circuit judge, that in considering the demurrers many matters submitted to the court should have been ignored. A demurrer attacks the four corners of the instrument under assault. Exhibits and pleadings from other actions between the parties were improperly included in the record. When these are eliminated, the issue becomes simple. A complaint for declaratory judgment is good against demurrer for insufficiency of facts if its allegations show the existence of a justiciable controversy. *Guimarin & Doan v. Georgetown Textile & Mfg. Co.,* 249 S. C. 561, 155 S. E. (2d) 618 (1967). It is apparent that the trial judge's order should be sustained since the face of the complaint shows such a controversy.

While much of the record submitted to the lower court, and printed in the transcript on this appeal, might have been proper for consideration under a motion for a summary judgment, they cannot be considered on a demurrer. We do not, however, intimate that the demurring parties would have been entitled to prevail under a motion for summary judgment.

The demurrer, though still permitted and sometimes appropriate as a means of attacking the pleadings of an adversary, is an antiquated vehicle which should be sparingly used. Normally, any ground of demurrer can be asserted by way of motion for a summary judgment, and that approach is more apt to fairly and succinctly present the issues to the court.

We are of the unanimous view that when the complaint is considered independent of the exhibits and the surplusage, no error of law appears and a full written opinion would have no precedential value. The appeal is dismissed under our Rule 23.