21277

WHALE BRANCH CORPORATION, Respondent, v. FEDERAL LAND BANK OF COLUMBIA, South Carolina; Grady G. McDaniel, Nadine T. McDaniel, and South Carolina Insurance Company, of which Federal Land Bank of Columbia, South Carolina is the, Appellant.

(268 S. E. (2d) 583)

*Edward M. Woodward,* of *Woodward, Butler & Unger,* Columbia, *for appellant.*

*J. Thomas Mikell,* of *Harvey, Battey & Bethea,* Beaufort, *for respondent.*

July 29, 1980.

LITTLEJOHN, Justice:

This appeal by defendant Federal Land Bank is from the refusal of the trial judge to sustain its demurrer to the complaint of the Whale Branch Corporation. We affirm.

The complaint, as summarized in the statement,[1] reflects that a Mr. and Mrs. Farley bought several tracts of land

---

[1] The complaint was not included in the record before this court.

totaling 387.61 acres from the Pomona Corporation. In connection with this purchase, the Farleys gave the Land Bank their note and purchase money mortgage in the amount of $250,000.00. Several months later, Mr. Farley acquired his wife's interest in a portion of the property and conveyed that 312.04 acres to Grady C. McDaniel. At that time, the Land Bank released the Farleys from their obligations and McDaniel assumed payment of the note and mortgage. However, the entire 387.61 acres remained encumbered by the mortgage. Shortley thereafter, Mr. Farley acquired Mrs. Farley's interest in the remainder of the property and conveyed approximately 70 acres to Whale Branch, which currently owns about 40 acres.

The gravamen of Whale Branch's complaint is that its property stands as surety for McDaniel's obligation to the Land Bank since it is still covered by the lien of the mortgage. Whale Branch asserts that, due to certain acts and omissions of the Land Bank in its dealings with McDaniel, its property should be discharged as surety. The Land Bank, by its demurrer, maintained that no cause of action was stated. The trial judge found otherwise, and we agree.

The Land Bank appeals, asserting that no surety relationship was established by the complaint. Since the complaint is not before us, we cannot conclusively determine if the pleading properly raises this allegation. On appeal counsel attempts to argue the merits of the surety-relationship issue. As this court recently stated in *Preston H. Haskell Company v. Morgan,* S. C., 262 S. E. (2d) 737 at 738 (1980):

"In determining whether a cause of action is stated, we are required to construe the complaint liberally in favor of the pleader. (citation omitted) In passing upon a demurrer, the Court is limited to a consideration of the pleading under attack, and all of the factual allegations thereof that are properly pleaded are deemed admitted. (citations omitted)"

The trial judge obviously applied the correct standard in deciding whether or not to sustain the demurrer and found the allegations sufficient. Further, in his order, the trial judge specifically stated:

"This holding does not, however, conclude the issue of whether the land stood as a real surety or whether defendant [Land Bank] has committed any act or omitted to do any act which would discharge a surety, real or otherwise."

The Land Bank next argues that no cause of action is stated since a surety may only raise discharge by acts or omissions by way of a defense. We find nothing in our case law which would limit this matter in such a manner. In 72 C. J. S. *Principal and Surety* § 286, we find:

"As to the protection of his rights, the surety's proper remedy at law is to pay the debt and pursue the principal for reimbursement, or, where a remedy is provided by statute to proceed under the statute. In equity, however, his remedy is not necessarily confined, as at law, to obtaining indemnity after payment of the debt, and, where protection can be afforded him without substantial injury to the creditor, a court of equity may award that relief without the debt being first paid by the surety."

We conclude that the trial judge was correct in refusing to sustain the demurrer.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.