### 21341

PIONEER SAVINGS & LOAN ASSOCIATION OF WHITEVILLE, North Carolina, Appellant-Respondent, v. HORRY COASTAL ENTERPRISES, INC., Internationale Inn Properties, International Inn, Inc., H. F. Bell, Carolyn M. Bell, Robert L. Kilgo, Evalyn J. Kilgo, R. David Bell, Helene K. Bell, T. B. King, Nancy M. King, Mary G. Wolfe, and First Union National Bank of North Carolina, Defendants-Respondents, of whom H. F. Bell, R. David Bell, Robert L. Kingo and T. B. King are, Respondents-Appellants.

(272 S. E. (2d) 640)

*E. Windell McCrackin, McCrackin & Barnett,* Myrtle Beach, *for appellant-respondent.*

*John C. Lindsay, Sr.,* Bennettsville, and *Stephen C. Wallace,* Chesterfield, *for respondents-appellants.*

December 3, 1980.

LITTLEJOHN, Justice:

In this mortgage-forclosure action, plaintiff-appellant Pioneer Federal Savings & Loan Association of Whiteville, a North Carolina corporation, appeals from the order of the lower court (1) overruling its demurrer, and (2) granting a motion of certain defendants to interplead additional parties.

The mortgage, and the note which it secured, were executed in December 1972 by the defendant-respondent Horry Coastal Enterprises, Inc. in favor of the plaintiff. The note was endorsed by defendants-respondents H. F. Bell, R. David Bell, Robert L. Kilgo, T. B. King, their wives, and Mary G. Wolfe. Defendants-respondents H. F. Bell, R. David Bell, Robert L. Kilgo and T. B. King answered and counterclaimed, alleging libel and slander by an officer of the plaintiff occurring about one month before the commencement of this action. The counterclaim, to which plaintiff demurred, centered around alleged oral and written statements made by plaintiff's officer concerning default on the note which these counterclaiming defendants had endorsed.

These counterclaiming defendants made the motion to interplead as parties—plaintiff additional parties alleged to be real parties in interest as joint owners of the note and mortgage with the plaintiff.

The plaintiff initially replied to the counterclaim and concurrently moved to strike certain allegations therefrom. Later, apparently by several months, plaintiff demurred to the counterclaim:

". . . on the ground that it appears on the face of the counterclaim that this court does not have jurisdiction over the alleged cause of action, even if it is a cause of action, since it is not such a cause of action as is permitted under paragraph (1) of Section 15-13-420, Code of Laws of South Carolina, 1976, since the action therein alleged did not arise out of the

contract set forth in the complaint nor is it connected with the subject of this action which is the simple foreclosure of a real estate mortgage."

The trial judge denied the demurrer to the counterclaim and ordered the interpleader as parties—plaintiff of the two other leading institutions alleged to own an interest in the note and mortgage.

Several other motions were made and heard, and then ruled upon. The defendants-respondents excepted to some of these rulings, but inasmuch as the questions are not argued in their brief, these are deemed to have been abandoned for purposes of this appeal.

One demurring to a complaint must serve the demurrer within 20 days after service of a copy of the complaint, in keeping with § 15-13-310. In like fashion, under § 15-13-610, a plaintiff demurring to a counterclaim of a defendant must do so within 20 days. That section reads as follows:

"When the answer contains new matter constituting a counterclaim the plaintiff may within twenty days reply to such new matter denying generally or specifically each allegation controverted by him or any knowledge or information thereof sufficient to form a belief. And he may allege in ordinary and concise language without repetition any new matter not inconsistent with the complaint constituting a defense to such new matter in the answer *and the plaintiff may in all cases. demur to an answer containing new matter when, upon its face, it does not constitute a counter-claim or defense . . .*" (Emphasis added.)

The gravamen of the objection raised by the demurrer of plaintiff is the contention that the cause of action stated in the counterclaim is not properly for trial in the same action alleged in the complaint. Section 15-13-420 states that the answer must contain:

"(2) A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without unnecessary repetition."

Section 15-15-30 permits a counterclaim of:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;"

The lower court held as follows:

"The Court is of the opinion that [1] the allegations of the Counterclaim are sufficient to state a cause of action for libel and slander and the Demurrer cannot be sustained on the grounds that it fails to state grounds sufficient to state a cause of action against the Plaintiff. It is apparent that the Court does have jurisdiction of the parties to this action, and, since the facts pleaded are sufficient to constitute a cause of action for libel and slander, it is the opinion of the Court that [2] the Plaintiff waived its right to demur on other grounds. *Savannah Chemical Co. v. Johnson,* 105 S. C. 213, 89 S. E. 810."

The ruling is consistent with § 15-13-370, which reads in part:

"If no such objection be taken either by demurrer or answer the plaintiff or defendant shall be deemed to have waived the objection excepting only an objection (a) to the jurisdiction of the court, (b) that the complaint does not state facts sufficient to constitute a cause of action or (c) that the answer does not state facts sufficient to constitute a defense." The exceptions enumerated in (a), (b), and (c) may be asserted at any time, but as indicated hereinabove the gravamen of the demurrer here involved is the contention that the counterclaim is not appropriate in a foreclosure action. A demurrer on this ground must be interposed within 20 days from service of the counterclaim. The demurrer if considered as an attack on the jurisdiction of the court is without merit.

There can be no serious question but that the court has jurisdiction to try both the initial cause of action and this counterclaim. Under the facts of this case, and in keeping with the statute, the right to demur has been waived and ,accordingly, the trial may proceed on both the complaint and the counterclaim.

Counterclaiming defendants' motion for interpleader alleged that two North Carolina lending institutions had taken a ninety percent (90%) interest in the note and mortgage at issue, while the plaintiff had acquired only a ten percent (10%) interest.

"Where a mortgage is given to two or more persons to secure a joint debt, all may and should join as plaintiffs in a suit for its foreclosure; or the suit may be instituted by one, making the other a defendant if he will not join as complainant . . ." 59 C. J. S. *Mortgages* § 626.

The trial judge found that the additional parties should be joined as parties-plaintiff. Plaintiff objects, contending that our statutory law provides for joinder as parties-defendant only. Code § 15-5-40 provides:

"Joining of parties united in interest.

Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants. But if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint."

Should the additional lenders not consent to becoming plaintiffs, as requested, then the trial judge may order their joinder as parties-defendant.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.