21448

John Wendell TODD, Respondent, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Southern Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, and Equifax Services, Inc., Appellants.

(278 S. E. (2d) 607)

*Harold W. Jacobs, of Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellants S. C. Farm Bureau Mut. Inc. Co., et al.,* and *E. Ellison Walker, of McKay, Sherrill, Walker & Townsend,* Columbia, *for appellant Equifax Services, Inc.*

*Terry E. Richardson, Jr.,* of *Blatt & Fales, Barnwell,* and *James P. Stevens, Jr.,* of *Stevens, Stevens & Thomas, Loris, for respondent.*

May 13, 1981.

HARWELL, Justice:

John Wendell Todd commenced this action against South Carolina Mutual Insurance Company, Southern Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and Equifax Services, Inc., for alleged actions relating to the termination of Todd's employment relationship with the Farm Bureau defendants in February of 1979.

The amended complaint alleges five causes of action for (1) intentional interference with contractural relations, (2) extreme and outrageous conduct, (3) bad faith termination of the employment contract, (4) invasion of privacy, and (5) conspiracy to so damage the plaintiff. Each cause of action alleges actual and punitive damages of $200,000 with an aggregate of $1,000,000 prayed for. The complaint is drawn up such that each cause incorporates all prior allegations.

The defendants answered and have demurred to the last four causes of action, principally for alleged failure to state an action or to set forth facts sufficient to support the causes of action. Todd meanwhile served notice upon Equifax of a motion for the production, inspection and copying of documents relating to its investigation and files on him and to records of a voice stress analysis test. Equifax then moved to quash the motion, listing several grounds but on appeal relying solely upon a Fifth Amendment privilege argument.

In addition, the defendants interposed various motions to strike and to make the allegations in the complaint more definite and certain.

In two orders the trial judge largely granted Todd the relief he sought and largely denied the defendants the relief they sought. Only the defendants appealed. Their exceptions shall be dealt with in the order presented.

## I

Does the second cause of action state facts sufficient to support a cause of action for the intentional infliction of emotional distress or outrage?

The second cause of action of the amended complaint alleges as follows:

"11. The plaintiff alleges and incorporates Paragraphs 1-10 above as if fully repeated herein.

"12. That the defendants' actions and those of their agents, servants, and employees were reckless, wilful, wanton, opressive and constituted extreme and outrageous conduct.

"13. That by reason of said extreme and outrageous conduct, and as a proximate result thereof, the plaintiff was damaged in his economic relations in the amount of Two Hundred Thousand ($200,000) Dollars, actual and punitive damages."

The appellants argue that the cause of action is fatally defective since alleged damages to economic relations are not appropriate to a cause of action for infliction of emotional distress.

When a pleading is demurred to for alleged failure to state a cause of action, it must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn therefrom entitle him to relief on any theory of the case. *Turner v. A B C Jalousie Company of North Carolina, Inc.,* 251 S. C. 92, 160 S. E. (2d) 528 (1968); *Pilkington v. McBain,* S. C., 262 S. E. (2d) 916 (1980); *Whale Branch Corporation*

*v. Federal Land Bank of Columbia,* S. C., 268 S. E. (2d) 583 (1980).

When the pleading is reviewed in this light, it becomes apparent that a cause of action is stated. The second cause of action expressly incorporates the first ten paragraphs of the amended complaint. Paragraph 10 states that Todd has "suffered from extreme emotional distress, nervousness, worry, loss of sleep, headaches; . . . all to his damage . . ." The allegations as incorporated thus support the cause of action for purposes of the demurrer. *Ford v. Hutson,* S. C., 276 S. E. (2d) 776. Of course, we intimate no opinion as to the ultimate viablity of the plantiff's claim. *Rumph v. RWF, Inc.,* S. C., 268 S. E. (2d) 584, 585 (1980). The trial judge therefore did not err by overruling the demurrer to this cause of action. We agree with the appellants however that the purported claim of damages to economic relations is unclear. As such it is at least subject to clarification or deletion upon a proper motion.

## II

Does the third cause of action state an action for bad faith termination of Todd's employment contracts with the Farm Bureau companies?

In this State an employment contract terminable at the will of either party may be terminated at any time for any reason or for no reason at all. *Ross v. Life Insurance Company of Virginia,* 273 S. C. 764, 259 S. E. (2d) 814 (1979). In *Ross* this Court expressly found that the plaintiff had conceded that his employment contract was terminable at will. The demurrer to the action for wrongful termination of employment was therefore sustained by the trial court and affirmed on appeal.

The appellants here demurred to Todd's cause of action for bad faith termination alleging that Todd's employment contract was terminable at will upon

ten days notice. The appellants answer, in fact, sets forth the alleged contract provision.

We are constrained, however, to uphold the action of the trial judge in overruling the demurrer. The demurrer attacks the four corners of the pleading only. The matters raised by the appellants simply are not alleged in the complaint. This Court recently stated in *Preston H. Haskell Company v. Morgan*, S. C., 262 S. E. (2d) 737, 738- 739 (1980):

"While much of the record submitted to the lower court, and printed in the transcript on appeal, might have been proper for consideration under a motion for a summary judgment, they cannot be considered on a demurrer. We do not, however, intimate that the demurring parties would have been entitled to prevail under a motion for summary judgment.

"The demurrer, though still permitted and sometimes appropriate as a means of attacking the pleadings of an adversary, is an antiquated vehicle which should be sparingly used. Normally, any ground of demurrer can be asserted by way of motion for a summary judgment, and that approach is more apt to fairly and succinctly present the issues to the court."

### III

Does the fourth cause of action state facts sufficient to support a cause of action for invasion of privacy?

The fourth cause of action provides:

"17. The plaintiff realleges and incorporates Paragraphs 1-16 above as if fully repeated herein.

"18. That the aforesaid actions and accusations by the defendants have been publicized and communicated to third persons and the general public by the defendants with express, reckless, and wanton disregard of the plaintiff's right to privacy.

"19. That said publicity has unreasonably placed the plaintiff in a false light in the public eye.

"20. That by reasons of said invasion of privacy and as a proximate result thereof, he was damaged in the amount of Two Hundred Thousand ($200,000) Dollars, actual and punitive damages."

This Court has approved the following as a fairly comprehensive definition of what constitutes an actionable invasion of the right of privacy:

"The unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Meetze v. Associated Press,* 230 S. C. 330, 95 S. E. (2d) 606, 608 (1957).

The trial judge found facts sufficient to satisfy the terms of the definition and thus support the cause of action and overcome the demurrer challenge. This was not error.

The analysis here is similar to that of the second cause of action above. The issue is simply whether facts are alleged in the first sixteen paragraphs of the amended complaint which support the cause. Clearly there are. Subparagraphs 8(d) and 8(e) of the complaint allege that the appellants wrongfully accused Todd of leaking information from an investigation of fire loss claims to an arsonist and that the appellants published these accusations to the public. Drawing the facts and inferences liberally in favor of the respondent as we are required to for purposes of the demurrer, *Preston H. Haskell Company v. Morgan, supra,* the inference can be drawn that the alleged circumstances of Todd's employment termination had wrongfully been made public. These allegations alone will support the cause of action.

We again emphasize that we are not reviewing the substantive strength or weakness of the respondent's cause of

action. That is a matter left to the trial of the action. We have only concluded that a cause of action was stated.

## IV

Does the amended complaint properly set forth a fifth cause of action for conspiracy?

The fifth cause of action simply takes all the prior allegations and alleges that the acts were done in furtherance of a conspiracy among the defendants. Damages are then sought for injury resulting from the conspiracy.

Conspiracy is the conspiring or combining together to do an unlawful act to the detriment of another or the doing of a lawful act in an unlawful way to the detriment of another. *Charles v. Texas Company,* 192 S. C. 82, 5 S. E. (2d) 464 (1939); *Sams v. Brotherhood of Railway and Steamship Clerks, Sumter Lodge No. 6193,* 166 F. Supp. 49 (E.D.S.C.), affirmed, 233 F. (2d) 263 (4th Cir. 1956). There is recognized in the law of conspiracy a clear distinction between criminal and civil cases. As stated at 15A C. J. S. Conspiracy § 1(1), at 597:

"The difference between civil conspiracy and criminal conspiracy is that in criminal conspiracy the agreement or conspiracy is the gravamen of the offense, *but in civil actions the conspiracy is not the gravamen of the charge,* but may be both pleaded and proved as aggravating the wrong of which plaintiff complains, *the gravamen of the tort being the damage resulting to plaintiff from an overt act done pursuant to the common design."* [Emphasis added]

An unexecuted civil conspiracy is not actionable. *Charles v. Texas Company,* 199 S. C. 156, 18 S. E. (2d) 719 (1942). The conspiracy becomes actionable, however, once overt acts occur which proximately cause damage to the party bringing the action. This reasoning explains the general rule that "conspiracy in and of itself is not a civil wrong." 15A C. J. S. Conspiracy § 8, at 610.

As noted, the fifth cause of action does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy and pray for damages resulting from the conspiracy. No additional acts in furtherance of the conspiracy are plead. The only alleged wrongful acts plead are those for which damages have already been sought. Paragraph 8 in the first cause of action in fact alleges, inter alia, "That without cause or justification, the defendants, . . . *conspired* to and did intentionally interfere or otherwise render impossible the performance by the plaintiff of the employment contracts with certain of the other defendants . . ." [Emphasis added].

The trial judge erred by overruling the demurrer to the conspiracy cause of action in the complaint, since Todd can recover no additional damages for the alleged fifth cause of action. The rule applicable to these pleadings is stated at 15A C. J. S. Conspiracy § 33, at 718.

"Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong."

Todd seeks damages in his first four causes of action for the same acts incorporated by the fifth cause. He is therefore precluded from seeking damages for the same acts yet again. As such, the fifth cause fails to state an action.

Having sustained the demurrer, we need not treat the alternative contention that a motion to strike the fifth cause should have been granted.

## V

The appellants also object to the trial judge's failure to strike certain language in the first cause of action relating to emotional distress and mental anguish. The appellants cite the general rule that in an action for wrongful interference

with an employment contract the damages recoverable are the difference between the compensation the plaintiff would have earned under the contract and any compensation he may have secured in the meanwhile. 45 Am. Jur. (2d) Interference § 60, at 333; 26 A. L. R. (2d) 1227, 1273.

The appellants' recitation of the law does not go far enough. It is also recognized that a recovery for mental anguish may be allowed when one maliciously causes the discharge of an employee. 45 Am. Jur. (2d) Interference § 60, at 334. See, *Ford v. Hutson, supra*. We also note that punitive damages may be justified for aggravated, unjustified interference with the contractual rights of a party. 45 Am. Jur. (2d) Interference § 61, at 334.

The damages allegations in the first cause of action were not improper as a matter of law. The trial judge did not err.

The appellants' argument that the trial judge erred by denying their motions to make certain allegations in Paragraphs 8 and 18 of the amended complaint more definite and certain is dismissed. Under the circumstances of this case we have found no abuse of discretion. Further clarification will follow pretrial discovery.

## VI

Finally, Equifax Services asserts that the order by the trial court for the production of certain of its documents, relating to its investigations involving Todd, violates its Fifth Amendment privilege. This argument has no merit. The personal privilege against self-incrimination, recognized and protected by the Fifth Amendment, protects only individuals and does not extend to corporations or unincorporated associations. *Bellis v. United States,* 417 U. S. 85, 94 S. Ct. 2179, 40 L. Ed. (2d) 678 (1974); *United States v. White,* 322 U. S. 694, 64 S. Ct. 1248, 88 L. Ed. 1542 (1944).

Other exceptions were raised but since they were not argued in the briefs, they are deemed to have been abandoned

for purposes of this appeal. *Pioneer Savings & Loan Association of Whiteville, N. C. v. Horry Coastal Enterprises, Inc.* (Bell), S. C., 272 S. E. (2d) 640.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., not participating.