**Robert C. ALONSO, Jr., Plaintiff,**

v.

**McALLISTER TOWING OF CHARLESTON, INC., Defendant.**

**C.A. No. 2:08–cv–2241–PMD.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 20, 2009.

Charles Henry Raley, Jr., Raley and Raley, Savannah, GA, for Plaintiff.

Douglas Manning Muller, Moore and Van Allen, Charleston, SC, Kenneth A. Margolis, Lisa E. Dayan, Kauff McClain and McGuire, New York, NY, for Defendant.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Defendant McAllister Towing of Charleston, Inc.'s Motion for Partial Dismissal of Plaintiff Robert C. Alonso, Jr.'s First Amended Complaint. Plaintiff has also filed a Motion to Amend his Complaint. For the foregoing reasons, Defendant's Motion for Partial Dismissal is granted, and Plaintiff's Motion to Amend is granted in part and denied in part.

## BACKGROUND

Plaintiff Robert C. Alonso, Jr. ("Plaintiff"), a resident and citizen of Savannah, Georgia, had been employed for over fourteen years by Defendant McAllister Towing of Charleston, Inc. ("Defendant"), a marine towing company headquartered in North Charleston, South Carolina, as a tug captain. The previous eight years of his employment had been in the Charleston, South Carolina, area. At the time of the incident in question, he had been a tug captain of the tug *McAllister Boys* for about five months.

On the afternoon of May 21, 2008, Steve Kicklighter ("Kicklighter"), Vice–President and General Manager of Defendant,

ordered Plaintiff to travel to Boston, Massachusetts to act as captain of the tug *Michaela McAllister*, which Defendant operated in that area. The previous captain of the tug had taken leave of his duties due to a family emergency. Plaintiff's duties as captain of the *Michaela McAllister* would be to operate the ship from Boston to Albany, New York. Plaintiff objected to this assignment on the grounds that he lacked the experience and familiarity with that region and route to pilot the ship, and that to do so would have in his estimation violated federal regulations. Later that afternoon, he was again ordered to travel to Boston to take up this post, and was informed that if he did not, it would cost Defendant over $100,000 to find someone else to perform the task. Plaintiff once again refused to do so. At this point, Kicklighter informed Plaintiff that his position was terminated due to his refusal to accept a job assignment.

On June 24, 2008, Plaintiff filed his Amended Complaint in this court, which has jurisdiction over this case as a maritime matter under 28 U.S.C. § 1333, and as a federal question under 28 U.S.C. § 1331. Plaintiff alleges that Defendant wrongly terminated him, and raises three grounds for relief: (1) wrongful discharge in violation of the Seaman's Protection Act (46 U.S.C. § 2114); (2) intentional infliction of emotional distress; and (3) negligent infliction of emotional distress.

On July 15, 2008, Defendant filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint, asserting that Plaintiff's second and third causes of action failed as a matter of law. Plaintiff filed a Memorandum in Opposition to this Motion on August 4, to which Defendant filed a Reply on August 11. On November 3, 2008, Plaintiff filed a Motion to Amend his Complaint to add a cause of action for civil conspiracy and to add McAllister Towing

& Transportation Co., Inc., Defendant's parent company, as a defendant in his action. Defendant filed a Response in Opposition to this Motion on November 18, 2008, to which Plaintiff filed a Reply on November 25.

## STANDARD OF REVIEW

### I. Motion to Dismiss

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972).

### II. Motion to Amend

■■■ Motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of the Civil Procedure. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th

Cir.1986)) (emphasis in original); *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' ... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980)). A delay in bringing a proposed amendment is generally insufficient reason to deny a party leave to amend. *Edwards,* 178 F.3d at 242.

■ A court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.,* 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile."). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510–11; *see also Rambus,* 304 F.Supp.2d at 819; *Robinson v. GEO Licensing Co., L.L.C.,* 173 F.Supp.2d 419, 423 (D.Md.2001).

## DISCUSSION

### I. Motion for Partial Dismissal

Defendant moves to dismiss Plaintiff's second (intentional infliction of emotional distress) and third (negligent infliction of emotional distress) causes of action. Defendant asserts that even accepting Plaintiff's factual allegations as true, his claims fail as a matter of law.

■■ In order to state a claim for intentional infliction of emotional distress (also called outrage) under South Carolina law:

[T]he plaintiff must show that: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his or her conduct; (2) the conduct was so extreme and atrocious as to exceed all possible bounds of decency and must be regarded as outrageous and utterly intolerable in civilized society; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. Initially, the court determines whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, and only if reasonable persons might differ should the question be one for the jury.

*Lynch v. Toys "R" Us–Delaware, Inc.,* 375 S.C. 604, 620–21, 654 S.E.2d 541, 550 (Ct. App.2007) (citing *Strickland v. Madden,* 323 S.C. 63, 68, 448 S.E.2d 581, 584 (Ct. App.1994)).

■ Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law for several reasons. The court first notes that Plaintiff's allegations fail to establish a claim under the second prong of *Lynch*—while firing an employee who refused to accept a job assignment because he did not believe himself to be properly qualified is objectionable, it can hardly be said to be "so extreme and atrocious as to exceed all possible bounds of decency and must be regarded as outrageous and utterly intolerable in civilized society." *Id.* Furthermore, Plaintiff's claim also fails the fourth prong of *Lynch*—there is no doubt that having one's employment terminated is a stressful experience, but it can hardly be said to be an act that is "so severe that no reasonable person could be expected to endure it." *Id.* "In fact, it is established under South Carolina law that wrongful discharge of an employee, no matter how unfair or repre-

hensible, does not by itself constitute behavior so extreme and outrageous as to support a claim for outrage." *Toth v. Square D Co.*, 712 F.Supp. 1231, 1238 (D.S.C.1989) (citing *Corder v. Champion Road Mach. Int'l Corp.*, 283 S.C. 520, 324 S.E.2d 79 (Ct.App.1984)). Defendant claims that under this clearly established rule of South Carolina law, Plaintiff's claim is devoid of merit.

■ However, Plaintiff claims that this court should not necessarily be bound by doctrines of South Carolina common law, since this is an admiralty case and there is a federal interest in maintaining a uniform body of federal admiralty law. However, the case Plaintiff relies upon in support of this proposition is a case in which the Fourth Circuit reversed the ruling of a district court which applied West Virginia law to an admiralty case concerning a wrongful termination claim. *Meaige v. Hartley Marine Corp.*, 925 F.2d 700 (4th Cir.1991). The basis of that court's decision was the fact that there is an act of Congress, the Seaman's Protection Act, which explicitly governs wrongful termination claims in admiralty cases, and therefore supersedes state common law. That court explicitly stated however, that it "recognizes that admiralty law sometimes looks to state law for the rule of decision ... when there is no admiralty rule on point and when doing so would not undermine uniformity." *Id.* at 702. There is no federal admiralty rule concerning intentional infliction of emotional distress. Furthermore, South Carolina law regarding the intentional infliction of emotional distress is well within the mainstream of American tort law, and the court can see no way in which applying the South Carolina rule to the matter at hand would "undermine the uniformity" needed in admiralty law.

Plaintiff's final assertion as to why his intentional infliction of emotional distress claim should not be dismissed is that the Seaman's Protection Act explicitly gives the court the ability to "order any appropriate relief." 46 U.S.C. § 2114. Plaintiff also cites several cases in which federal courts have given punitive damages to plaintiffs bringing claims under the Seaman's Protection Act.

While Plaintiff is correct in his assertion that this court has the ability to fashion its own equitable remedy for violations of the Seaman's Protection Act, the court fails to see how this fact justifies allowing a plaintiff to bring unrelated claims in federal court that plainly fail as a matter of law. If Plaintiff is able to convince the court that he is entitled to punitive damages or some form of equitable belief, the court will still be able to do so under his first cause of action, his claim for wrongful termination. Therefore, this argument is irrelevant to the issue of whether or not his second and third causes of action should be dismissed as a matter of law.

Accordingly, Plaintiff's second cause of action, for intentional infliction of emotional distress or outrage, fails as a matter of law, and is hereby dismissed from this action.

The court now turns to Plaintiff's third cause of action, his claim for negligent infliction of emotional distress. South Carolina courts have expressly limited claims for negligent infliction of emotion distress to claims of bystander liability. *Doe v. Greenville County School Dist.*, 375 S.C. 63, 67, 651 S.E.2d 305, 307 (2007). South Carolina courts have also held:

> In order to prevail on this cause of action, a plaintiff must show that: (a) the negligence of the defendant caused death or serious physical injury to another; (b) the plaintiff bystander was in close proximity to the accident; (c) the

plaintiff and the victim are closely related; (d) the plaintiff contemporaneously perceived the accident; and (e) the plaintiff's emotional distress manifests itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

*Id.* at 67–68, 651 S.E.2d at 307 (citing *Kinard v. Augusta Sash & Door Co.,* 286 S.C. 579, 582, 336 S.E.2d 465, 467 (1985)). Plaintiff cannot satisfy any of these elements, and relies exclusively on his argument that the Seaman's Protection Act gives the court the power to fashion any appropriate remedy for the wrongs suffered by Plaintiff, and thus argues that the court should not dismiss this claim because he has failed to allege the necessary elements for such a claim under South Carolina law. However, for the same reasons this assertion is inadequate to establish a claim for relief for Plaintiff's intentional infliction of emotional distress claim, it also fails to remedy the myriad defects in his negligent infliction of emotional distress claim.

Accordingly, Plaintiff's third cause of action, for negligent infliction of emotional distress or outrage, fails as a matter of law, and is hereby dismissed from this action.

Since Plaintiff has failed to state a valid claim for relief on either his intentional infliction of emotional distress claim or his negligent infliction of emotional distress claim, Defendant's Motion for Partial Dismissal is granted, and those claims are dismissed from this action.

## II. Plaintiff's Motion to Amend

Plaintiff has also filed a Motion to Amend. Plaintiff seeks to add a claim for civil conspiracy, to add new factual allegations to his complaint, and to add McAllister Towing & Transportation Co. ("MTT") as a defendant.[1]

### A. Plaintiff's Motion to Add a Claim for Civil Conspiracy

Plaintiff seeks to amend his complaint to add a claim against Defendant and MTT for civil conspiracy. According to Plaintiff, his employer engaged in the widespread, systematic employment of tug captains for trips and routes for which they did not hold the appropriate qualifications. He further asserts that he has suffered special damages from these acts of civil conspiracy in the form of having to file for bankruptcy in Georgia and having his credit rating greatly diminished by his recent financial hardships. Plaintiff also returns once again to the theory that he has alleged special damages because this court has the ability under the Seaman's Protection Act to fashion any appropriate remedy, including punitive damages and injunctive relief against discharging pilots for refusing to violate federal regulations.

Defendant asserts that Plaintiff's Motion to add this claim should be denied on the grounds of futility. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510–11.

As an initial matter, the court notes that since there is no federal law governing civil conspiracy in admiralty cases, it would not be prejudicial to either party or threaten the uniformity of federal

---

1. The court also notes that in Plaintiff's Second Amended Complaint, Plaintiff includes a cause of action for intentional infliction of emotional distress. As previously explained in this Order, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law and has been dismissed. Accordingly, to the extent the Motion to Amend would serve to sustain any claim on this cause of action, it is denied.

admiralty law to apply South Carolina law to Plaintiff's proposed civil conspiracy claim. Under South Carolina law, "[c]ivil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage." *Vaught v. Waites*, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App.1989). South Carolina courts have held that there is no civil conspiracy claim where such a claim "does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy." *Todd v. South Carolina Farm Bureau*, 276 S.C. 284, 293, 278 S.E.2d 607, 611 (1981).

■■■■ In order to establish a cause of action for civil conspiracy, a plaintiff must show that there were special damages which arose specifically because of the conspiracy itself, and that were not caused by any related causes of action. *Pye v. Fox*, 369 S.C. 555, 568, 633 S.E.2d 505, 511 (2006) ("Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action."). Furthermore, there can be no conspiracy between a parent company and its wholly-owned subsidiary, due to the fact that they are not separate actors for the purposes of conspiracy law. *McMillan v. Oconee Mem'l Hosp.*, 367 S.C. 559, 564, 626 S.E.2d 884, 887 (2006) ("[W]e believe that it is well settled that a corporation cannot conspire with itself."). Finally, "an at-will employee may not maintain a civil conspiracy action against her employer. Where the employment is at-will, the employee may be terminated 'at any time for any reason or for no reason at all.'" *Angus v. Burroughs & Chapin Co.*, 368 S.C. 167, 170, 628 S.E.2d 261, 262 (2006) (quoting *Ross v. Life Ins. Co. of Virginia*, 273 S.C. 764, 765, 259 S.E.2d 814, 814 (1979)).

■■■ Plaintiff's proposed claim for relief on the grounds of civil conspiracy fails as a matter of law for multiple reasons, and the court hereby finds that granting leave to amend the complaint to add this claim would be futile. This is so for several reasons. The court first notes that Plaintiff has failed to assert the existence of any special damages above and beyond those that resulted from his allegations of wrongful terminations. Plaintiff's financial hardships, which he asserts resulted in his being forced to declare bankruptcy and watch his credit rating descend into ruin, were caused not by any covert agreement between Defendant and MTT, but by the fact that his employment was terminated. Since the termination of his employment is the clear gravamen of his wrongful termination claim, all of these damages are properly brought under that claim. Furthermore, for the same reasons the court found Plaintiff's reasoning that the fact that the Seaman's Protection Act gives the court the ability to fashion equitable remedies if it sees fit to be insufficient to rescue his claims for intentional infliction of emotional distress and negligent infliction of emotional distress, it also finds this argument insufficient to save his claim for civil conspiracy. If the court feels that equitable remedies or punitive damages are appropriate, it retains the ability to do so based upon Plaintiff's wrongful termination action, and the Seaman's Protection Act is therefore wholly irrelevant to the question of whether Plaintiff has alleged a claim for relief for civil conspiracy.

■■■ However, even if Plaintiff had made allegations of special damages resulting from civil conspiracy, his claim would still fail as a matter of law. Defendant is a wholly-owned subsidiary of MTT, and, as explained above, South Carolina law is quite clear that a parent company and wholly-owned subsidiary cannot be in

conspiracy with one another. Furthermore, Plaintiff has not alleged or shown the existence of any sort of employment contract, so he was an at-will employee of Defendant. South Carolina law is also quite clear that an at-will employee can be terminated at any time for any reason (or no reason), and therefore cannot maintain a valid cause of action for civil conspiracy against an employer regarding a termination.

Accordingly, Plaintiff's proposed civil conspiracy claim fails as a matter of law, and amending his complaint to allege such a claim would be clearly futile. Therefore, Plaintiff's motion to amend his complaint to add this cause of action is denied.

### B. Plaintiff's Motion to Amend to add MTT as a Defendant

Plaintiff next moves to amend his complaint to add MTT as a defendant. Even in the absence of a valid civil conspiracy claim, Plaintiff asserts that MTT, as Defendant's parent company, should be added as a defendant as to Plaintiff's wrongful termination claim. According to Plaintiff, MTT owned the tug *Michaela McAllister*, the tug to which Plaintiff was ordered to move and pilot from Boston to Albany. Plaintiff asserts that MTT made Defendant provide them with a captain for the tug when the previous captain left due to a family emergency, and that Defendant had no choice but to assign someone who was not properly qualified and credentialed for the task. Therefore, Plaintiff asserts that MTT was integrally involved in the decision to demand that he relocate from Charleston to Boston to pilot the *Michaela McAllister*, and is therefore liable for his claim of wrongful termination under the Seaman's Protection Act.

Defendant does not directly respond to Plaintiff's Motion to Amend to add MTT as a defendant on his wrongful termination

cause of action. "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999). Generally speaking, delay in seeking to amend a complaint is not a valid grounds for denying a plaintiff leave to amend his complaint. *Id.*

Plaintiff's Motion to Amend, in as far as it seeks to add MTT as a defendant, is governed by the Joinder rules of Rule 20 of the Federal Rules of Civil Procedure. *See, e.g., Truesdale v. Ashcroft,* 2006 WL 4071948 (D.S.C. Mar. 29, 2006) (Norton, J.) (construing a Motion to Amend which had been brought under Rule 15 but sought to add an additional defendant to the action as a Motion for Joinder).

Rule 20 states:

**Defendants.** Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2). Where there is a commonality of fact or law, and the claim against the new defendant arises out of the same transaction or occurrence, a plaintiff may join a new defendant into an existing action. *Neitzke v. Williams,* 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Here, Plaintiff is asserting that MTT should be joined in this action because he alleges that MTT was involved in

the decision to force him to leave his position in Charleston and move to Boston, and, when he refused to do so, the decision to terminate his employment. There is no doubt that the claim Plaintiff seeks to assert against MTT "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences," since, like his wrongful termination claim against Defendant, his proposed claim against MTT arises out of the termination of his employment. Likewise, there is no doubt that there are multiple questions of law or fact that are common to both Plaintiff's claim against Defendant and closely-related proposed claim against MTT.

Denying Plaintiff leave to add MTT as a defendant in this action would likely only result in Plaintiff filing a separate lawsuit against MTT, which would result in duplicate discovery, parallel actions on substantially identical claims, and judicial inefficiency. MTT will also not be prejudiced by being added as a defendant in this matter, since it has had its interests substantially and capably represented by Defendant and Defendant's counsel during the matter up until this point, and it will still have opportunity for discovery before this matter proceeds to trial.

Accordingly, Plaintiff is entitled to add MTT as a new defendant in this action, and the court grants Plaintiff's Motion to Amend to do so.

## CONCLUSION

For the foregoing reasons, the court **ORDERS** that Defendant McAllister Towing of Charleston, Inc.'s Motion for Partial Dismissal be **GRANTED.** The court further **ORDERS** that Plaintiff's Motion to Amend Complaint be **DENIED** as to Plaintiff's attempt to add a claim for civil conspiracy, but **GRANTED** as to Plaintiff's request to add McAllister Towing and

Transportation Company as an additional Defendant to this action.

**AND IT IS SO ORDERED.**